THOMPSON, Judge,
concurring in the result in part and dissenting in part.
I concur in the result reached by the main opinion in reversing the summary judgment on the breach-of-contract issue, because I believe the contract is ambiguous and is subject to more than one reasonable interpretation. I disagree with the main opinion’s statement, made in regard to the issue of intentional interference with a business relationship, that “[i]t is undisputed that Awtrey Realty had a contract with Regency to exclusively list and sell all of the homes located in The Arbors.” 827 So.2d at 101. That statement is Moore’s interpretation of the contract. Awtrey Realty and Awtrey Development have a different interpretation of the contract.
I dissent from the holding on the issue of intentional interference with a business relationship. Moore alleged that Awtrey Development had improperly interfered with her relationship with Awtrey Realty by agreeing, “in order to effectuate its sale of the remaining lots and undeveloped land to Regency,” to the termination of Awtrey Realty’s exclusive listing agreement with Regency.
Awtrey Development presented evidence indicating that Dwight Sandlin, the president of Regency, was not happy with the rate of sales of the homes in The Arbors. Sandlin testified that, because of his concerns about Awtrey Realty’s slow sales of homes in The Arbors, he placed, as a condition on Regency’s purchase of the remaining property in The Arbors, that Regency could terminate the listing agreement with Awtrey Realty. The main opinion questions whether Awtrey Development and Awtrey Realty could actually be two separate companies if Awtrey Development had the power to agree to that condition. This is a factual question, but, in my opinion, it does not defeat the summary-judgment motion as to this issue. Assuming that both entities comprise one organization, a summary judgment would be appropriate because the cause of action *103 for intentional interference with a contractual relationship is a remedy for situations in which a third party interferes with a contractual relationship. See Cahaba Seafood, Inc. v. Central Bank, 567 So.2d 1304 (Ala.1990); Gross v. Lowder Realty Better Homes & Gardens, 494 So.2d 590 (Ala.1986).
A1 Awtrey testified that Awtrey Development was not connected with Awtrey Realty and that the two companies were separate organizations. Sandlin testified that, during meetings with A1 Awtrey regarding the development of The Arbors, he had asked questions regarding the sales of the homes in The Arbors. Sandlin testified that A1 Awtrey also replied by stating that he was not involved in the sales or listing of the homes in The Arbors and that A1 Awtrey always referred him to Marie Awtrey at Awtrey Realty to answer his questions regarding the sales of the homes in The Arbors. Other than the fact that A1 Awtrey has an ownership interest in both Awtrey Development and Awtrey Realty, I conclude that there is nothing to dispute the evidence indicating that the companies operate as two separate organizations.
Therefore, in order to defeat Awtrey Development’s properly supported motion for a summary judgment on her claim of intentional interference with a contractual relationship, Moore was required to present substantial evidence of: “1) the existence of a contract or business relations [with Awtrey Realty]; 2) [third-party Aw-trey Development’s] knowledge of the contract or business relation; 3) intentional interference by [Awtrey Development] with the contract or business relation; 4) the absence of justification for [Awtrey Development’s] interference; and 5) damage to [Moore] as a result of the interference.” Soap Co. v. Ecolab, Inc., 646 So.2d 1366, 1371 (Ala.1994) (citing Gross v. Lowder Realty Better Homes & Gardens, supra). “In addition, the plaintiff must show some evidence of fraud, force, or coercion on the defendant’s part.” Joe Cooper & Assocs., Inc. v. Central Life Assurance Co., 614 So.2d 982, 986 (Ala.1992).
Regarding the third element, Moore argues that by simply agreeing to the terms of the agreement set forth by Sandlin on behalf of Regency, Awtrey Development intentionally interfered with Awtrey Realty’s exclusive listing agreement regarding The Arbors and, thereby, interfered with her contract with Awtrey Realty to market the homes in The Arbors. In Gross v. Lowder Realty Better Homes & Gardens, supra, our supreme court, in setting forth the elements of the tort of interference with a contractual relationship, stated that “one who, without justification to do so, induces a third person not to perform a contract with another, is liable to the other for the harm caused thereby.” 494 So.2d at 596. (Emphasis added.) There is simply no evidence to indicate that Awtrey Development induced Regency to terminate its contract with Awtrey Realty. It is undisputed that Sandlin placed the condition of the termination of the oral listing agreement with Awtrey Realty on Regency’s purchase of the land from Awtrey Development. Sandlin testified that he would not have purchased the remaining land in The Arbors subdivision without the understanding that he could terminate the exclusive listing agreement with Awtrey Realty. Moore presented no evidence tending to show that Awtrey Development influenced Sandlin, or Regency, to terminate Awtrey Realty’s listing agreement. See Gross v. Lowder Realty Better Homes & Gardens, supra.
There is also no evidence in the record to support an inference that by entering into the agreement with Regency, and by agreeing to the condition that Regency *104 could terminate its exclusive listing agreement with Awtrey Realty, Awtrey Development acted fraudulently or exercised force or coercion. See Joe Cooper & Assocs., Inc. v. Central Life Assurance Co., supra. Moore made no argument in her brief on appeal regarding either of these issues.
I conclude that Moore failed to present substantial evidence indicating that Aw-trey Development intentionally interfered with the listing agreement by inducing Regency to terminate its agreement with Aw-trey Realty or by acting in a fraudulent or forceful manner. I believe the trial court correctly entered the summary judgment in favor of Awtrey Development on this issue. Therefore, I must dissent as to this issue.
CRAWLEY, J., concurs.